HEIRS OF ALFREDO RAMÍREZ DE ARELLANO, ETC., Petitioners, *v.* SUPERIOR COURT OF MAYAGÜEZ, ÁNGEL FIOL NEGRÓN, JUDGE, Respondent; LIVIA DEL MORAL TORRUELLAS, Intervener.

No. 2332. Submitted June 17, 1957.—Decided June 28, 1957.

*José A. Poventud, Francisco Parra Toro, Carlos García Méndez, José Rosario Gelpí* and *Amador Ramírez Silva* for petitioners. *Enrique Báez García* for intervener, plaintiff in the main action.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

As in *Piovanetti* v. *Vivaldi* (decided also today), this case raises a question of collection of interest in a summary foreclosure proceeding. The parties herein agreed in the loan contract, secured by mortgage, that the principal would be paid ". . . *in the term of three years, as of the date of this deed* (January 15, 1927) . . . *with interest on the loan, during its effectiveness, at the rate of nine per cent per annum payable on monthly instalments when due.*" We must decide whether said stipulation of interest, contrary to the stipulation in issue in the *Piovanetti* case, allowed the foreclosing creditor to claim interest within the summary foreclosure proceeding at the rate of nine per cent per annum after maturity of the debt, that is to say, after the term of the loan contract had expired, or if the interest could only be claimed at the legal rate of six per cent per annum as of the time the debtor defaulted. For the reasons stated herein, we believe that the only interest that could be claimed was interest at the legal rate.

In the mortgage deed executed on January 15, 1927, Francisco del Moral sets forth that he owes Francisca Sánchez Chavarri the sum of $6,000 " . . . *which he hereby receives as loan and which he binds himself to pay to his creditor, in the term of three years, from the date of this deed and to mature on the same day and month of the year 1930; the loan accruing interest during its effectiveness at the rate of nine per cent per annum payable on monthly instalments when due.*" As security for the former obligation and for an additional credit of $600 for expenses, costs, and attorney's fees in case of judicial claim, the debtor constituted a mortgage in favor of his creditor which was duly recorded in the Registry of Property. Upon nonperformance of the obligation, the creditor filed a summary foreclosure proceeding to enforce payment of the credits thus secured. She claimed payment of $6,000 principal, a credit of $600 for expenses, costs and attorney's fees, and $1,596 as interest at the rate of nine per cent per annum as of January 15, 1931 (one year after maturity of the loan) until December 29, 1933. She further claimed the payment of interest at the rate of nine per cent per annum on the principal of the loan as of the date the initial petition was filed (December 30, 1933) until its full payment. All the requirements of the summary foreclosure proceeding having been met, the mortgaged property was sold at public auction for the collection of the aforesaid amounts, it being awarded to the highest bidder for a sum which included the principal, the credit of $600, and the aforesaid interest.

In the action for the annulment of the summary foreclosure proceeding, the defendants (petitioners herein) moved for summary judgment on the basis that, pursuant to the stipulations of the loan contract and the mortgage, the foreclosing creditor was entitled to claim default interest at the rate of nine per cent per annum from the date of maturity until full payment of the debt. The respondent court dismissed the motion on the following ground: "It is true

that there is no controversy between the parties as to the material facts on which to base the conclusion of whether the mortgage foreclosure in the case at bar is void on the ground alleged in the complaint. It is also true that if the court reaches the conclusion that said mortgage foreclosure proceeding is not void, a judgment of dismissal could be entered without need of considering the reconventions and the other questions raised by the parties. However, the facts of the case do not show that the defendants have a right to a dismissal of the action as a *question of law* under the ruling of the cases of *Figueroa* v. *Boneta,* 58 P.R.R. 811; *Vega* v. *García,* 61 P.R.R. 777; and *Buil* v. *Banco Popular,* 69 P.R.R. 237." For the purposes of reviewing the decision in question we issued the writ of certiorari.

In order to unravel the meaning of the phrase "the effectiveness of the loan," we must bear in mind the context in which it is used by the parties. Here, the mortgagor bound himself to pay the principal of the loan in a three-year term. Immediately thereafter he bound himself to pay interest by virtue of the phraseology " . . . with interest on the loan, during its effectiveness, at the rate of nine per cent per annum payable on monthly instalments when due." The word *effectiveness* in that case refers to the term or duration of the loan contract, which the interested parties had fixed in three years. The specified maturity date of the indebtedness, namely, the date when the obligation to pay arose pursuant to the agreement between the parties, determines here the limit of the effectiveness of the *"loan"*, which elliptically means "the loan contract."

Actually, for other purposes the contract is only extinguished by rescission, annulment, or any of the general causes for the extinguishment of the obligations, the normal cause being the payment or performance of the obligation. But the case contemplated here is different because a term was essentially fixed for the performance of the contract. On the date fixed by both parties, by mutual agreement, the

effects of the aforementioned contract ceased with respect to the stipulation of interest. Thereafter, irrespective of whether or not the debtor performed his obligation, there was no express agreement as to interest.

The intent of the parties, in the present case, was obviously to agree on the payment of interest solely for the duration of the contract. It would constitute a distortion of the normal sense of the words to say that effectiveness of the loan means here "until its total reimbursement or until full payment of the loan," or "until the indebtedness is fully settled," for the obligation had a fixed maturity date. *Cf. Buil* v. *Banco Popular*, 69 P.R.R. 248 (1948).

Therefore, in the foreclosure proceeding the creditor claimed interest at nine per cent per annum after maturity of the term of the loan contract, when actually he could only collect legal interest as of the date the debtor defaulted, since there was no express agreement as to interest at the rate of nine per cent after maturity of the debt or on default. It is unquestionable that such an action renders void the mortgage foreclosure proceeding. See *Piovanetti* v. *Vivaldi*, *ante*, p. 108, and cases cited therein.

Therefore, the lower court did not err in entering the order challenged here dismissing the motion for summary judgment filed by petitioners. The writ issued must be quashed and the case remanded to the Superior Court for further proceedings not inconsistent with this opinion.

Mr. Justice Belaval dissents for the reasons stated in his opinions in *Valcourt* v. *Iglesias*, 78 P.R.R. 598, 599–613 and *Piovanetti* v. *Vivaldi* (decided today).

Mr. Justice Marrero did not participate herein.